A & Z CHAIN COMPANY *vs.* SUPERIOR COURT.
ROSSMAN, INC. *vs.* SAME.

APRIL 18, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. These two petitions praying for writs of *certiorari* were brought by the defendants below to quash certain orders entered in the superior court granting in each case the plaintiff's petition to require the defendant to produce for examination certain documents. It is alleged that the orders complained of were entered without the production of evidence as required by general laws 1938, chapter 538, §8. Both petitions raise the same issue of law and were heard together in this court on orders to show cause why the petitions should not be granted.

In our opinion these petitions are governed by the case of *Broadway Furniture Co.* v. *Superior Court,* 123 A. 566. On the authority of that case an order for the production of documents, under G. L. 1938, chap. 538, §8, may be entered after a hearing upon suitable petition, answer and evidence. At the hearing before us it appeared that the orders in question were entered, through a misunderstanding as to the real status of the record as to evidence, without the taking of any testimony and without any agreement or stipulation, written or oral, between the parties as to facts that might be considered by the court as evidence.

In these circumstances we are of the opinion that the order of the superior court, granting the plaintiff's petition in each case to require the defendant to produce for examination certain books, records or documents, was erroneously entered and should be quashed. The parties, however, because of such misunderstanding, will be entitled to have the petitions heard *de novo* in the superior court upon legal evidence as provided by the above-mentioned statute.

The prayer of the petition for a writ of *certiorari* in each case is granted, each order in question is quashed, and each case is remitted to the superior court for further proceedings.

*Judah C. Semonoff,* for petitioners.

*Albert Lisker,* for respondent.